```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                            FORT WORTH DIVISION

JESSE FRANK LARA,                   §
(Tarrant County No. 0346683)        §
                                    §
VS.                                 §   CIVIL ACTION NO.4:13-CV-207-Y
                                    §
JOE SHANNON, et al.                 §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)
(With special instruction to the clerk of Court)

This case is before the Court for review of pro-se inmate and plaintiff Jesse Frank Lara's case under the screening provisions enacted with the Prison Litigation Reform Act ("PLRA") codified, in part, at 28 U.S.C. §§ 1915A.[1] Lara, an inmate at the Tarrant County, Texas jail, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 and naming as defendants Joe Shannon, district attorney, Tarrant County, Texas, Debra Spisak and Rose M. Stewart, clerk and deputy clerk, Texas Court of Appeals, Second District; private attorneys Paul Conner and James Warren Lane, and Harry Hopkins, former judge, 213th Judicial District Court, Tarrant County, Texas.  Lara has also filed a motion to amend in this case in which he incorporates additional claims and names additional defendants.  The Court will construe the document as a supplement to the complaint and screen it. In such supplemental complaint, Lara names the present judge of the 213th Judicial District Court, Louis Sturns; Robb Catalano, judge, Criminal District Court Number 3, Tarrant County; private attorney Barry Alford; Texas Department of

---

[1] In this case, plaintiff Jesse Frank Lara paid the full filing fee. Thus, he is not proceeding in forma pauperis, and the case is not subject to review under 28 U.S.C. § 1915(e)(2)(B).

Criminal Justice Executive Director Brad Livingston, and several sheriffs. (Supplemental Compl. at 1-5.)

Lara is presently detained on a charge of failing to comply with sex-offender-registration requirements in case number 1322132 (re-indictment of cause number 1295133D) still pending in state district court in Tarrant County, Texas. (Supplemental Compl., attached copies of indictments.) The indictment in the new case listed as a reportable conviction Lara's prior conviction for indecency with a child by contact in cause number 0443272D in the 213th Judicial District Court, Tarrant County, Texas.[2] (Suppl. Compl. Indictment; Compl. § V.) Lara essentially raises two areas of challenge; he alleges a broad conspiracy to convict him of the underlying indecency with a child conviction, and he alleges a conspiracy to detain him on the present charges. (Compl. § V.; Suppl. Compl. 2-5.) In the complaint, he seeks injunctive relief "from the state actors illegally imprisoning him [and] monetary and

---

[2]Lara previously challenged that conviction through a petition for writ of habeas corpus under 28 U.S.C. § 2254 in *Lara v. Dretke,* No.4:06-CV-123-A in which the case was dismissed with prejudice. This Court takes judicial notice of the records of that proceeding in which the magistrate judge noted in his April 20, 2006 findings:

> In June 1991, Lara was charged by indictment in the 213th District Court of Tarrant County, Texas, Case No. 0443272D, with indecency with a child. On August 3, 1993, pursuant to a plea bargain agreement, Lara pleaded guilty to the offense and was placed on six years' deferred adjudication community supervision . . . Thereafter, on March 30, 2001, the trial court adjudicated Lara's guilt for the offense and sentenced him to fifteen years' imprisonment. Lara did not appeal the judgment adjudicating guilty. (*Lara v. Dretke,* No.4:06-CV-123-A (April 20, 2006 Findings, Conclusions and Recommendation, adopted May 23, 2006.)

2

punitive awards." (Compl. § VI.) In the supplemental complaint, he similarly seeks injunctive relief "to free him from the incarceration under color of the void judgment" [and] alleges he will subsequently seek damages. (Suppl. Compl. at prayer.)

Section 28 U.S.C. § 1915A(a) requires the Court to review a complaint from a prisoner seeking relief against a governmental entity or governmental officer or employee as soon as possible after docketing.[3] This provision authorizing review of prisoner pleadings is separate from the screening provision applicable to in-forma-pauperis proceedings, and it provides that when the Court makes the review required under § 1915A(a), the Court shall dismiss the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review and consideration of Lara's claims as asserted in the pleadings, the Court concludes that they must be dismissed under the authority of § 1915A(b).

---

[3] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[4] *See* 28 U.S.C.A. § 1915(b)(1) and (2)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id.,* citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

With regard to any claims against judges Louis Sturns, Robb Catalano, or Harry Hopkins for monetary damages, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[7] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[8] Because any complained-of conduct by these judges was judicial in nature and was undertaken pursuant to the legal jurisdiction of the 213st Judicial District Court or of Criminal District Court Number 3, each named judge is entitled to absolute immunity from any monetary damages claims.

Likewise, prosecutor Joe Shannon is entitled to absolute immunity for any monetary damages claims. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[9] The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State."[10] Here, even assuming Plaintiff's allegations against Joe Shannon are true, he would have

---

[7]*Mireless v. Waco*, 502 U.S. 9, 11 (1991)(citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)); see also, *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

[8]*Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

[9]*Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976).

[10]*Imbler,* 424 U.S. at 431 n.33.

4

taken such action in his role as prosecutors on behalf of the State of Texas. Thus, defendant Shannon is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims will also be dismissed.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[11] As to Lara's allegations against attorneys Paul Conner, Jim Lane, and Barry Alford, he has failed to satisfy the second element. Lara has failed to show that these private attorneys acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[12] Lara cannot show that the attorneys were acting under color of law, so any claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 against these defendants must be dismissed.

With regard to any remaining claims arising from and relating to Lara's prior conviction in cause number 0443272 for indecency with a child in the 213th Judicial District Court, the Court concludes

---

[11] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[12] *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986)(citing *Polk County v. Dodson*, 454 U.S. 312, 318 (1981)); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

that such claims are not cognizable under 42 U.S.C.§ 1983. In *Heck v. Humphrey,*[13] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[14] As to the challenges related to his 2001 conviction, Lara has not shown that this conviction have been reversed or set aside in any of the manners listed, such that his remaining claims relating to that proceeding are not cognizable under *Heck v. Humphrey*.

Furthermore, as to Lara's claims seeking injunctive-type relief from his present incarceration for failing to comply with sex-offender registration requirements, such relief is not available in this suit.[15]  With regard to Judge Catalano, section 1983 expressly provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."[16] Furthermore,

---

[13] 512 U.S. 477, 486-87 (1994).

[14] *Id; see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[15] Lara has also filed a motion for summary judgment and a motion for a temporary restraining order. Those motions (docket nos. 6 and 7) are DENIED for the reasons stated herein.

[16] 42 U.S.C.A. § 1983 (West 2012).

as to all claims for injunctive-type relief against the remaining defendants, under the *Younger* abstention doctrine, a federal court should not interfere with ongoing state criminal proceedings except under extraordinary circumstances not shown here.[17] Abstention is required under the *Younger* doctrine when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges.[18] Thus, the Court concludes that Lara's claims under 42 U.S.C. § 1983 for injunctive type relief must be dismissed under authority of 28 U.S.C. § 1915A(1).[19]

*Order*

The motion to amend complaint (doc. 5) is GRANTED to the extent

---

[17] *Younger v. Harris*, 401 U.S. 37, 49-52 (1971); *see also Louisiana Deb. and Lit. Ass'n v. City of New Orleans,* 42 F.3d 1483, 1489-1490 (5th Cir.), *cert. denied,* 515 U.S. 1145 (1995).

[18] *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Louisiana Deb. and Lit*. Ass'n, 42 F.3d at 1490.

[19] *See generally Knight v. 24th Judicial Dist. Court Section A*, Civ. Action No. 06-4537, 2006 WL 4017837, at *3 (E.D. La. October 17, 2006), *recommendation adopted* (December 5, 2006)("A criminal defendant prejudiced by misconduct of a presiding judge finds relief not by bringing a federal lawsuit pursuant to 42 U.S.C. § 1983, but rather by availing himself of state procedures for a change of venue or recusal of a judge, seeking review of any resulting conviction through direct appeal or post-conviction collateral review, and filing a petition for federal habeas corpus relief in appropriate circumstances")(citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).

the document itself is construed as a supplemental complaint that has been reviewed by this Court. The clerk of Court is directed to note this on the docket.

The motions for summary judgment (doc. 6) and for temporary restraining order (doc. 7), are DENIED.

All claims for monetary damages against judges Louis Sturns, Robb Catalano, and former judge Harry Hopkins; and against prosecutor Joe Shannon, are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(2). All claims against attorneys Paul Conner, James Warren Lane, and Barry Alford, and all claims arising from and relating to Lara's present detention and incarceration on charges of failing to comply with sex-offender registration requirements, are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1). All remaining claims arising from and relating to Lara's conviction for indecency with a child in cause number 0443272 in the 213th Judicial District Court, Tarrant County, Texas, are DISMISSED WITH PREJUDICE to their being asserted until the *Heck v. Humphrey* conditions are met[20] under 28 U.S.C. § 1915A(b)(1).

SIGNED June 14, 2013.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[20]*See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).